KLATT, J., dissenting.
 

 {¶ 70} Because I would affirm the Court of Claims' decision in its entirety, I respectfully dissent.
 

 {¶ 71} The majority decision accurately sets out the test for the application of the doctrine of primary assumption of risk. In order for the doctrine of primary assumption of risk to apply, a court must find that: (1) the danger is ordinary to the activity, (2) it is common knowledge that the danger exists, and (3) the injury occurs as a result of the danger during the course of the activity.
 
 Ochall v. McNamer
 
 ,
 
 2016-Ohio-8493
 
 ,
 
 79 N.E.3d 1215
 
 , ¶ 34 ;
 
 Morgan v. Kent State Univ.
 
 ,
 
 2016-Ohio-3303
 
 ,
 
 54 N.E.3d 1284
 
 , ¶ 12 ;
 
 Santho v. Boy Scouts of Am.
 
 ,
 
 168 Ohio App.3d 27
 
 ,
 
 2006-Ohio-3656
 
 ,
 
 857 N.E.2d 1255
 
 , ¶ 12 (10th Dist.). To be covered under the primary-assumption-of-risk doctrine, the risk must be one that is so inherent to the sport or activity that it cannot be eliminated.
 
 Horvath v. Ish
 
 ,
 
 134 Ohio St.3d 48
 
 ,
 
 2012-Ohio-5333
 
 ,
 
 979 N.E.2d 1246
 
 , ¶ 19. In applying the doctrine, the focus is on the nature of the activity and not the participant's conduct.
 
 Ochall
 
 at ¶ 36, quoting
 
 Gehri v. Capital Racing Club, Inc.
 
 , 10th Dist. No. 96APE10-1307,
 
 1997 WL 324175
 
 (June 12, 1997). The affirmative defense of primary assumption of risk, when established, completely negates a negligence claim because the defendant owes no duty to protect the plaintiff against the inherent risks of the recreational activity in which the plaintiff engages.
 
 Morgan
 
 at ¶ 14. Whether to apply the affirmative defense of primary assumption of the risk presents an issue of law for the court to determine.
 
 Crace v. Kent State Univ.
 
 ,
 
 185 Ohio App.3d 534
 
 ,
 
 2009-Ohio-6898
 
 ,
 
 924 N.E.2d 906
 
 , ¶ 12 (10th Dist.). An appellate court reviews a trial court's application of the doctrine de novo.
 
 Ochall
 
 at ¶ 39.
 

 {¶ 72} The activity at issue here is dunking a football over the crossbar of a football goal post. Falling is an obvious, ordinary and inherent risk of this activity that cannot be eliminated. Cameron was injured when he voluntarily jumped off the back of another player and fell backwards after losing his grip on the crossbar. These facts, as determined by the Court of Claims after a trial, present all the necessary elements for application of the doctrine of primary assumption of risk. For these reasons, I would affirm the Court of Claims' application of the doctrine of primary assumption of risk and overrule appellant's fourth assignment of error.
 

 {¶ 73} I also disagree with the majority's decision to sustain appellant's third assignment of error. Even if the university, through its coaches, owed appellant a duty, the Court of Claims found no breach of that duty. This finding was based upon the Court of Claims' assessment of the evidence. There is competent credible evidence in the record to support the court's conclusion. Specifically, there is evidence in the record supporting the Court of Claims' finding that the coach did not have sufficient opportunity to observe and stop
 the crossbar dunking activity as performed by appellant. Therefore, I would also overrule appellant's third assignment of error.
 

 {¶ 74} I agree with the majority's disposition of the first and second assignments of error.
 

 {¶ 75} For these reasons, I respectfully dissent.